COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


COMMODORE ASSOCIATES, INC., D/B/A
  COMMODORE THEATRE
                                                      MEMORANDUM OPINION[*]
v.        Record No. 2429-08-1                             PER CURIAM
                                                        FEBRUARY 10, 2009
VIRGINIA ALCOHOLIC BEVERAGE CONTROL BOARD


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                             James C. Hawks, Judge

              (Fred Schoenfeld, President of Commodore Associates, Inc., *pro se*,
              on brief), for appellant.

              (Robert F. McDonnell, Attorney General; Frank S. Ferguson,
              Deputy Attorney General; Michelle Welch, Assistant Attorney
              General, on brief), for appellee.


        Commodore Associates, Inc., d/b/a Commodore Theatre (Commodore) appeals from an

order of the circuit court affirming an order of the Virginia Alcoholic Beverage Control Board

(ABC or the Board) finding that Commodore, the licensee, unlawfully sold alcoholic beverages

to an underage buyer in violation of Code § 4.1-304 and 3 VAC 5-50-10 and imposing sanctions

against it under Code § 4.1-225(1)(c).  Commodore contends the circuit court erred in affirming

the Board's order because (1) there was not "'substantial evidence' as to the facts of the

violation" as required by Code § 4.1-225; and (2) the evidence presented was insufficient to

prove it violated Code § 4.1-304 and 3 VAC 5-50-10.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

circuit court's decision.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Standard of Review</u>

This matter arises under the Virginia Administrative Process Act, Code § 2.2-4000 et seq.

Under the Act,

> "[t]he standard of review of an agency's factual findings on appeal
> to a circuit court is limited to determining whether *substantial
> evidence* in the agency record supports its decision." <u>Avante at
> Lynchburg, Inc. v. Teefey</u>, 28 Va. App. 156, 160, 502 S.E.2d 708,
> 710 (1998). Under the "substantial evidence" standard, an
> agency's factual findings should be rejected "'only if, considering
> the record as a whole, a reasonable mind would *necessarily* come
> to a different conclusion.'" <u>Tidewater Psychiatric Inst. v. Buttery</u>,
> 8 Va. App. 380, 386, 382 S.E.2d 288, 291 (1989) (quoting <u>Virginia
> Real Estate Comm'n v. Bias</u>, 226 Va. 264, 269, 308 S.E.2d 123,
> 125 (1983)). "The phrase 'substantial evidence' refers to 'such
> relevant evidence as a reasonable mind *might* accept as adequate to
> support a conclusion.'" <u>Bias</u>, 226 Va. at 269, 308 S.E.2d at 125.

<u>Sentara Norfolk Gen. Hosp. v. State Health Comm'r</u>, 30 Va. App. 267, 279, 516 S.E.2d 690, 696

(1999), <u>rev'd</u>, 260 Va. 267, 534 S.E.2d 325 (2000).

Additionally, "the court must review the facts in the light most favorable to sustaining the

Board's action and 'take due account of the presumption of official regularity, the experience

and specialized competence of the agency, and the purposes of the basic law under which the

agency has acted.'" <u>Bio-Medical Applications of Arlington, Inc. v. Kenley</u>, 4 Va. App. 414, 427,

358 S.E.2d 722, 729 (1987) (quoting former Code § 9-6.14:17).

<u>Issues on Appeal</u>

Commodore's five page brief contains a single heading, "NATURE OF THE CASE," on

page 1, and no further headings or sections delineating: (a) what question or questions it seeks to

raise on appeal; (b) a statement of facts; and (c) legal argument(s) on each question presented.

Appellant begins by asserting the trial court "erred in its written opinion dated August 6, 2008."

It then alleges that a "material issue before the [trial] Court was whether there was 'substantial

evidence' as to the facts of the violation as required by the Virginia Statutes, specifically, section

4.1-225." Appellant repeats arguments it claims it made to the trial court, including its assertion that it was wrongly "cited" under the incorrect subsection of Code § 4.1-225(1). Commodore claims, as it claimed in the trial court, that it should have been cited under Code § 4.1-225(1)(k), rather than Code § 4.1-225(1)(c). Moreover, Commodore argues that it was not guilty of violating either subsection (1)(c) or (1)(k) of Code § 4.1-225, nor did it violate Code § 4.1-304. In arguing Commodore did not violate Code § 4.1-225, it asserts that its employee, who was trained in requesting identifications before selling alcohol, sold the alcohol, not Commodore.

Summarizing, appellant asserts there was not substantial evidence to support the trial court's decision to affirm the Board's decision to temporarily suspend its license. Commodore contends its employee sold the alcohol, not the corporation, and it did all in its power to train the employee to check identifications and not to sell to underage persons. It also argues that it did not violate either Code § 4.1-225(1)(c) or § 4.1-225(1)(k), nor did it violate Code § 4.1-304.

<u>Background Facts</u>

The facts are not in dispute. On May 3, 2007, an employee of Commodore served alcohol to a seventeen-year-old subject without inquiring about his age or requesting to see identification. The employee was later charged with the sale of alcohol to a minor, and Commodore was charged with violating Code § 4.1-304 and 3 VAC 5-50-10, and was subject to sanctions pursuant to Code § 4.1-225(1)(c). At an August 14, 2007 hearing, the administrative hearing officer heard testimony and had an opportunity to view the seventeen-year-old subject to determine how old he appeared to be.

The ABC hearing officer found the employee sold a bottle of beer to the underage subject, and the subject's "youthful facial features and general appearance . . . would have prompted a reasonable person using due care to require proof of age before completing the transaction." By order entered September 26, 2007, the hearing officer ruled that Commodore's

license be suspended for twenty days, but that payment of a $1,500 fine would terminate such suspension.

Commodore appealed that decision to the Board, which heard the matter on February 5, 2008. At the hearing, Commodore argued that it trained the employee and did all it could. It conceded the fault of its employee, but argued this was its first violation of the ABC laws. The Board found that Commodore "stand[s] in the shoes of [its] employees." It noted that the hearing officer took Commodore's prior record into account when it proposed a fine of $1,500 for a violation that normally carries a fine of $2,000. By order dated February 8, 2008, the Board found it had "reasonable cause to believe that the charge is substantiated," and it adopted the hearing officer's decision as the final decision of the Board.

Commodore appealed to the circuit court, which heard the matter on July 21, 2008. After hearing argument, the trial court took the matter under advisement. By opinion letter dated August 6, 2008, the trial court found the Board's decision was supported by credible, undisputed facts. As to appellant's arguments that subsection (1)(k) applied and required actual "consumption" by the underage subject, the trial court noted that the Board never relied on that subsection in its ruling.

The Law

Commodore was charged with violating Code § 4.1-304 and 3 VAC 5-50-10. Under Code § 4.1-304, it is a Class 1 misdemeanor to "sell any alcoholic beverages to any person when at the time of such sale he knows or has reason to believe that the person to whom the sale is made is . . . less than twenty-one years of age."

3 VAC 5-50-10 mirrors Code § 4.1-304 and provides in pertinent part, that "no licensee shall sell any alcoholic beverages to a person whom he shall know, or have reason at the time to believe, is: 1. Under the age of 21 years . . . ."

Code § 4.1-225(1)(c) authorizes the Board to impose sanctions against a licensee if "it has reasonable cause to believe that" the licensee "violated any provision of Chapter 3 (§ 4.1-300 et seq.) of this title."

## Discussion

Here, there was substantial evidence to support the Board's decision. Undisputed evidence established that Commodore served alcohol to an underage subject in violation of Code § 4.1-304 and 3 VAC 5-50-10. By doing so, Commodore committed a violation cognizable under Code § 4.1-225(1)(c), thereby triggering the sanctions set forth in that subsection.

Accordingly, we affirm the circuit court's judgment affirming the Board's finding that Commodore unlawfully sold alcoholic beverages to an underage buyer in violation of Code § 4.1-304 and 3 VAC 5-50-10.

Affirmed.